# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-11-00394-CR
### NO. 02-11-00395-CR


MARQIVEN ANTENIUS ROBINSON                 APPELLANT
A/K/A MARGIVEN ANTENIUS
ROBINSON

V.

THE STATE OF TEXAS                                 STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two separate cases, Appellant Marqiven Antenius Robinson a/k/a Margiven Antenius Robinson pleaded guilty, pursuant to plea bargains, to credit card or debit card abuse (Cause No. 1098874D) and to bail jumping (Cause No. 1212620D). *See* Tex. Penal Code Ann. §§ 32.31, 38.10(f) (West 2011). In

---

[1]*See* Tex. R. App. P. 47.4.

accordance with the plea bargains in each case, the trial court placed him on three years' deferred adjudication community supervision and sentenced him to pay a $300 fine. The State subsequently filed a petition to proceed to adjudication in each case, alleging that Robinson had violated three conditions of his community supervision. Robinson pleaded "true" to the violations in both cases. The trial court found that all three paragraphs of each petition were true, adjudicated Robinson guilty of each offense, and sentenced him to two years' confinement in Cause No. 1098874D and to six years' confinement in Cause No. 1212620D. These appeals followed.

Robinson's court-appointed appellate counsel has filed motions to withdraw as counsel and briefs in support of those motions in each case. Counsel's briefs and motions meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. This court afforded Robinson the opportunity to file briefs on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the records to determine whether counsel is correct in determining that the appeals are frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

2

pet.).  Only then may we grant counsel's motions to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the records and counsel's briefs.  We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the records that arguably might support appeals.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motions to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  WALKER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 4, 2012